UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
SALVATORE PULICE,

                                              **COMPLAINT**

                      Plaintiff,

      -against-                             **Demand for Trial by Jury**

CITY OF NEW YORK, individually and in their official    Docket No. 20-cv-556
capacities as police officers, WILLIAM GAVIGAN,
ALDO YUBINI, CHRISTOPHER MCKENNA, JESSE    ECF Case
COLON, RICHARD GUERRIERI, MALCOLM
DANZIGER, STEPHANIE MAZZA, PAUL MONTANA
and JEFFREY TASZYMOWICZ,

                        Defendants.

--------------------------------------------------------------------X

       Plaintiff, Salvatore Pulice, by and through the undersigned attorneys, Sim & DePaola,

LLP, for his complaint against the Defendants, City of New York, William Gavigan, Aldo

Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie

Mazza, Paul Montana and Jeffrey Taszymowicz alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1981,

1983, 1985, 1986 and 1988 for the violation of his civil rights protected by the Fourth, Sixth and

Fourteenth Amendments, in addition to violations of the Laws and Constitution of the State of

New York.

2.     These claims arise from an October 4, 2018 incident, in which defendants, acting under

color of state law, unlawfully stopped, arrested and detained plaintiff without a valid warrant,

reasonable suspicion or probable cause to do so. Plaintiff was subsequently charged with

numerous crimes, including Burglary and other related charges. As a result, plaintiff was

wrongfully incarcerated for approximately eight (8) months. Defendants are presently maliciously prosecuting and denying plaintiff his right to fair trial, under Richmond County Supreme Court Indictment No. 537/2018.

3.　　The above referenced acts caused plaintiff to be wrongfully deprived of his liberty, denied the due process of the laws and to sustain various emotional and physical injuries.

4.　　Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

5.　　This action arises under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 and pursuant to the Laws and Constitution of the State of New York.

6.　　The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

7.　　Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8.　　Plaintiff, Salvatore Pulice ("Mr. Pulice"), who resides in Richmond County, within the City and State of New York.

9.　　The Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

10.     At all times relevant hereto, Defendant City, acting through the New York City Police Department ( "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

11.     In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

12.     Defendants, William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, were, at all relevant times herein, police officers, detectives or supervisory officers employed by the NYPD and as such were acting in the capacities of agents, servants and employees of the City of New York.  Defendants were, at all relevant times herein, believed to be assigned to the NYPD's 122nd Precinct or 122nd Detective Squad. Defendants William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz are being sued in their individual and official capacities.

13.     At all relevant times herein, the individually named Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

14.     Plaintiff has complied with all required conditions precedent to bringing the instant action, including those set forth by the New York General Municipal Law, Sections 50-e, 50-h and 50-I.

## FACTUAL CHARGES

15.     On October 4, 2018, at approximately 1:00 p.m., in the vicinity of the rear of 944
Patterson Avenue, Staten Island, within the confines of Richmond County and the City and State
of New York, plaintiff was approached by defendants, including, William Gavigan, Aldo Yubini,
Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza,
Paul Montana and Jeffrey Taszymowicz, who were dressed in plain civilian clothing with
nothing that identified them as police officers.

16.      Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse
Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey
Taszymowicz, then violently tackled plaintiff to the ground.

17.     After tackling plaintiff to the ground, Defendants, including William Gavigan, Aldo
Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie
Mazza, Paul Montana and Jeffrey Taszymowicz, proceeded to punch, kick and strike plaintiff
with various unknown objects all about his body, face, head, legs and arms, despite plaintiff
being unarmed and offering no resistance.

18.     Shortly thereafter, Defendants, including William Gavigan, Aldo Yubini, Christopher
McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana
and Jeffrey Taszymowicz, forcibly affixed metal handcuffs to plaintiff's wrists in an excessively
tight fashion.

19.      Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse
Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey
Taszymowicz, then proceeded to again violently punch, kick and strike plaintiff, while he was
defenselessly pinned down facing the ground with his wrists handcuffed behind his back.

20.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, did not possess a lawful reason to approach, stop, seize or arrest plaintiff at said stated date and time, as plaintiff was not observed to be committing crimes or violations of the law and defendants were not informed by any witnesses that plaintiff had committed any crimes or violations of the law.

21.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, then forcibly dragged plaintiff to the side of a nearby public roadway.

22.      Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, eventually realized that plaintiff was in serious need of immediate medical attention due to their gratuitous use of excessive force against plaintiff during and after the arrest process.

23.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, arranged for an ambulance to respond to their location, so that plaintiff would be afforded much needed medical treatment for his myriad injuries.

24.     Said ambulance transported plaintiff to Staten Island University Hospital, where he was medically treated and diagnosed with a plethora of serious physical injuries all about his entire body, including fractures, hematomas, lacerations and contusions, because of the trauma inflicted by defendants.

25.     Plaintiff was caused to remain in said hospital for a total of six (6) days due to the severity of his various injuries.

26.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, then proceeded to forward evidence that was fabricated, misleading or incomplete to Richmond County prosecutors, so that a criminal prosecution would be initiated against plaintiff.

27.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, were fully aware that they never possessed a lawful reason to stop, arrest or apply the level of force that was used against plaintiff, but knowingly chose to state otherwise to prosecutors.

28.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, falsely claimed and informed prosecutors that plaintiff had violently resisted arrest, which caused some defendants, including Gavigan and Yubini, to sustain physical injuries, despite defendants' complete knowledge that plaintiff was not in any way responsible for any injuries sustained by defendants.

29.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, also engaged in the suppression of exculpatory evidence by failing to disclose to prosecutors the presence of video evidence that contradicted defendants' versions of events.

30.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse
Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey
Taszymowicz, failed to disclose to prosecutors their lack of any credible evidence against
plaintiff prior to violently effectuating his arrest

31.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse
Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey
Taszymowicz, decided to target plaintiff for arrest, because they knew plaintiff would be an easy
target, whose arrest would be unquestioned and praised, due to his past criminal history and
impoverished socioeconomic status.

32.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse
Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey
Taszymowicz, entered into a conspiracy to falsely accuse plaintiff of numerous felonious crimes,
including burglary and assault on a police officers, by verbally conferring with one another, both
in person and via electronic or telephonic means.

33.     Plaintiff therefore, asserts that due to the clear absence of any viable probable cause to
warrant his detention or prosecution, at any point, he was unlawfully detained from the moment
he was violently tackled to the ground by Defendants.

34.     Plaintiff was further wrongfully deprived of his liberty and freedom of movement after
his criminal court arraignment, because he confined to Rikers Island Correctional Facility, until
he was finally released on, or about, June 11, 2019.

35.     At all times relevant hereto, the Defendants, including William Gavigan, Aldo Yubini,
Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza,
Paul Montana and Jeffrey Taszymowicz, were involved in the decision to arrest, use excessive

force and maliciously prosecute Plaintiff without probable cause, or failed to intervene when they observed others arresting, applying excessive force or maliciously prosecuting Plaintiff without probable cause.

36.     Defendant City has engaged in a policy, custom, or pattern and practice of stopping vehicles driven by ethnic minorities without probable cause or reasonable suspicion to do so,

37.     Defendant City has also engaged in a policy, custom, or pattern and practice of illegally searching unlawfully stopped vehicles without any justification to do so, with the hope that said search will thereafter justify the illegal seizure.

38.     Plaintiff asserts that the aforementioned unlawful acts committed by defendants are representative of a pervasive policy, custom or pattern and practice within the City of New York and the NYPD.

39.     Plaintiff asserts that Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, illegally discriminated against plaintiff, due solely to plaintiff's criminal history and socioeconomic status.

40.     Plaintiff further asserts that Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, did not arrest and initiate a criminal prosecution against plaintiff due to the presence of probable cause to do so, but rather because of their desires to incur additional overtime, fulfill their arrest quota and receive  unwarranted praise and benefits for quickly resolving a serious crime.

41.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey

Taszymowicz, acted in such an unlawfully reprehensibly unconstitutional manner, due to their assumption that defendants' version of events would undoubtedly and unduly be credited over plaintiff's, solely because of plaintiff's arrest history and socioeconomic status.

42.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, unlawfully stopped, questioned, searched, seized, arrested, and maliciously prosecuted plaintiff, due solely to defendants' perception or consideration of Plaintiff's arrest record

43.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, possessed no valid reason to stop or arrest plaintiff, which gives rise to the strong inference that their conduct towards Plaintiff was discriminatorily motivated and enacted upon, in addition to being unsupported by probable cause.

44.     Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, subjected plaintiff to disparate treatment compared to other individuals similarly situated, because defendants observed numerous other individuals who were acting in similar manners to plaintiff, but who were without plaintiff's arrest history and of a wealthier socioeconomic status, yet defendants did not approach, stop or arrest said individuals.

45.     Plaintiff asserts that the defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, who violated plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent

throughout the NYPD and the City of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD and City of New York or, at the very least, conclusive evidence that the City and the NYPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact their police officers.

46.     The individually named defendants herein, as well as other officers serving in the employ of the NYPD and City of New York, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD, the City of New York and their respective policymakers and supervisors.

47.     *The New York Times*, as well as numerous other reputable journalistic enterprises, have reported on the widespread corruption within the NYPD and City of New York, particularly the incredibly disconcerting proclivity of many NYPD officers to lie about subject matters that are materially relevant to criminal prosecutions, including the complete fabrication of arrest evidence and witnesses. Attached hereto, as Exhibit A, and incorporated by reference herein, are various articles and reports detailing the magnitude and overwhelming prevalence of incidents, in which NYPD officers were caught lying, including instances that resulted in the arrest and imprisonment of innocent people. Also detailed, is the NYPD's obstinate refusal to effectuate corrective or preventive measures to combat the inevitable recurrence of such misdeeds, and perhaps most troubling, the NYPD's alarming tendency to, instead, reward and promote these officers, including those who were inculpated via some incontrovertible form of evidence.

48.     On March 18, 2018, *The New York Times* published an explosive article, entitled

"Promotions, Not Punishments for Officers Accused of Lying," written by Joseph Goldstein. Mr.

Goldstein shines a light on the multitude of flaws within the CCRB and the NYPD, highlighting

the fact that the substantiation of a claim against an officer will invariably rely on the presence of

incontrovertible proof against the officer. Due to the rarity availability of this type of evidence,

an alarmingly small percentage of officer misconduct claims are substantiated. The CCRB is

further handicapped by a terribly designed system that requires evidence of a virtually

indisputable nature to substantiate any claim against an officer. The article also details the

NYPD's persistent reluctance to investigate or discipline officers who lie and even posits that

this reluctance is a significant cause of the lying pandemic within the NYPD. The article

references various officers and detectives who were the subject of credible accusations relating

to the officers' intentionally false statements, with some allegations coming from federal and

state judges.

49.     On September 12, 2019, *The New York Times* published another article by Joseph

Goldstein, entitled "Officers Said They Smelled Pot. The Judge Called Them Liars."

Unsurprisingly, this article dealt with the unusually high frequency of officers using the odor of

marijuana to excuse a search that conspicuously does not result in the recovery of any marijuana.

It should not require an article in *The New York Times* to call attention to such patently

disingenuous tactics, but has become necessary for a variety of reasons, including the NYPD's

failure to correct such behavior, the willingness of prosecutors and judges to credit the lying

officers and the increasing rate of occurrence.

50.     On April 24, 2019, *The New York Times* published an article, entitled "Detective's Lies

Sent Three People to Prison, Prosecutors Charge," by Sean Piccolo, detailing the lies of NYPD

Second Grade Detective Joseph Franco and how those lies resulted in the imprisonment of at least three innocent people. The article described how Det. Franco lied about observing drug transactions on at least three separate occasions, lies that were only uncovered through contradictory video evidence. Det. Franco's lies resulted in the innocent individuals each being sentenced to prison terms in excess of one-year.

51.     Other articles include: (i) "Testilying' by Police: A Stubborn Problem.," by Joseph Goldstein, *The New York Times*, March 18, 2018; (ii) "New York Detective Charged with Faking Lineup Results," by Joseph Goldstein, *The New York Times*, February 17, 2018; (iii) "He Excelled as a Detective, Until Prosecutors Stopped Believing Him," by Joseph Goldstein, *The New York Times*, October 17, 2017; (iv) "Review Board Notes Rise in New York Police Officers' False Statement," by J. David Goodman, *The New York Times*, May 14, 2015; (v) "In Brooklyn Gun Cases, Suspicion Turns to the Police," by Stephanie Clifford, *The New York Times*, December 11, 2014; (vi) "Detective is Found Guilty of Planting Drugs," by Tim Stelloh, *The New York Times*, November 1, 2011; and (vii) "The Drugs? They Came From the Police," by Jim Dwyer, *The New York Times*, October 13, 2011.

52.     The NYPD has a longstanding and ignominious record of failing to discipline its officers, or even entertaining allegations of wrongdoing against them. On June 26, 2019, *The New York Times* published an article, entitled "2,495 Reports of Police Bias. Not One Was Deemed Valid by the N.Y.P.D." This article reported that within the last five (5) years, almost 2,500 separate individuals have filed formal complaints with the NYPD alleging that an officer acted with bias toward them, with not a single one being substantiated by the NYPD. Such a finding is plainly incredible and obviously the result of deliberately poor or nonexistent investigatory protocols.

The report further impugned the NYPD's commitment to combat the prejudices and the biases exhibited by many of its officers.

53.     Upon information and belief, the NYPD, the City of New York, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the NYPD that resulted in plaintiff's arrest without probable cause.

54.     Upon information and belief, the NYPD, the City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

55.     Defendants' actions, pursuant to plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the NYPD and the City of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD and City of New York.

56.     Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD, City of New York and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of defendants, the NYPD and City of New York.

57.     Upon information and belief, the personnel files, records and disciplinary histories of the officer defendants will reveal a history of Constitutional violations indicative of defendant City's knowledge that the individual officer defendants were unfit for employment as NYPD officers, or for employment in general, and that the probability of the individually named defendants committing similar violations in the future was extremely high.

58.     Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City and the NYPD were fully aware of defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the City's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, including the individually named defendants herein.

59.     Upon information and belief, the NYPD and City of New York and have failed, or outright refused, to correct the individually named defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct

60.     The aforementioned acts of Defendants, including William Gavigan, Aldo Yubini, Christopher McKenna, Jesse Colon, Richard Guerrieri, Malcolm Danziger, Stephanie Mazza, Paul Montana and Jeffrey Taszymowicz, directly or proximately resulted in the deprivation or violation of plaintiff's civil rights, as guaranteed and protected by the Fourth, Sixth and

Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New York.

61.     As direct or proximate results of said acts, plaintiff was caused to suffer the loss of his liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
Unlawful Search and Seizure Under
New York State Law

62.     The above paragraphs are here incorporated by reference as though fully set forth.

63.     Defendants subjected plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

64.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

65.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

66.     The unreasonable searches and seizures to plaintiff's person and property were not otherwise privileged.

67.     Accordingly, defendants violated plaintiff's right to be free from unreasonable searches and seizures, pursuant to Article I, Section 12, of the New York State Constitution.

68.     Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

69.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Unlawful Search and Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

70.     The above paragraphs are here incorporated by reference as though fully set forth.

71.     Defendants subjected plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

72.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

73.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

74.     The unreasonable searches and seizures to plaintiff's person and property were not otherwise privileged.

75.     Accordingly, defendants violated plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

76.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

77.     The above paragraphs are here incorporated by reference as though fully set forth.

78.     Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

79.     Plaintiff was conscious of his confinement.

80.     Plaintiff did not consent to his confinement.

81.     Plaintiff's arrest and false imprisonment was not otherwise privileged.

82.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

83.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

84.     The above paragraphs are here incorporated by reference as though fully set forth.

85.     The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

86.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

87.     At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

88.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFITH CAUSE OF ACTION
Assault and Battery Under
New York State Law

89.     The above paragraphs are here incorporated by reference as though fully set forth.

90.     Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful or offensive touching.

91.     Defendants engaged in and subjected plaintiff to immediate harmful or offensive touching and battered him without his consent.

92.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

93.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

94.     The above paragraphs are here incorporated by reference as though fully set forth.

95.     The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

96.     Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

97.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

98.     The above paragraphs are here incorporated by reference as though fully set forth.

99.     Defendants initiated the prosecution against Plaintiff.

100.    Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

101.    Defendants acted with malice, which may be inferred in the absence of probable cause.

102.    The prosecution is expected to terminate in Plaintiff's favor, via either a full acquittal or other resolution indicative of plaintiff's innocence.

103.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

104.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

105.     The above paragraphs are here incorporated by reference as though fully set forth.

106.     Defendants initiated the prosecution against Plaintiff.

107.     Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

108.     Defendants acted with malice, which may be inferred in the absence of probable cause.

109.     The prosecution is expected to terminate in Plaintiff's favor, via either a full acquittal or other resolution indicative of plaintiff's innocence.

110.     Accordingly, Defendants violated Plaintiff's rights, pursuant to the Fourteenth Amendment.

111.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

112.     The above paragraphs are here incorporated by reference as though fully set forth.

113.     Defendants arrested, detained and caused a criminal prosecution to be initiated against plaintiff to compel the compliance or forbearance of some act.

114.    Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

115.    Defendants intended to inflict substantial harm upon plaintiff.

116.    Defendants acted to achieve a collateral purpose, beyond or in addition to plaintiff's criminal prosecution.

117.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

118.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

119.    The above paragraphs are here incorporated by reference as though fully set forth.

120.    Defendants arrested, detained and caused a criminal prosecution to be initiated against plaintiff to compel the compliance or forbearance of some act.

121.    Defendants had no excuse or justification to forcibly detain and initiate a prosecution against plaintiff, especially with the absence of any cognizable probable cause.

122.    Defendants intended to inflict substantial harm upon plaintiff.

123.    Defendants acted to achieve a collateral purpose, beyond or in addition to plaintiff's criminal prosecution.

124.    Defendants' actions deprived plaintiff of his Fourth Amendment right to be free from illegal searches and seizures, as well as his Fourteenth Amendment right not to be deprived of his liberty without the due process of law.

125.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages

hereinbefore alleged.

**ELEVENTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
New York State Law

126.    The above paragraphs are here incorporated by reference as though fully set forth herein.

127.    Defendants fabricated false evidence to be used against plaintiff that was likely to

influence a jury's decision.

128.    Defendants forwarded said false information to the District Attorney's Office.

129.    Defendants' actions resulted in post-arraignment deprivations to plaintiff's liberty and

freedom of movement.

130.    Accordingly, defendants violated plaintiff's right to a fair trial, pursuant to Article I,

Sections 1, 2 and 6 of the New York State Constitution, as well Article II, Section 12, of the New

York State Civil Rights Law.

131.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

132.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages

hereinbefore alleged.

**TWELFTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

133.    The above paragraphs are here incorporated by reference as though fully set forth.

134.    Defendants fabricated false evidence to be used against plaintiff that was likely to

influence a jury's decision.

135.    Defendants forwarded said false information to the District Attorney's Office.

136.    Defendants' actions resulted in post-arraignment deprivation to plaintiff's liberty and freedom of movement.

137.    Accordingly, defendants violated Plaintiff's right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to United States Constitution

138.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
New York State law

139.    The above paragraphs are here incorporated by reference as though fully set forth herein.

140.    Plaintiff has previous criminal arrests and convictions.

141.    Plaintiff belongs to a socioeconomic class that is entitled to governmental benefits and assistance.

142.    Defendants discriminated against Plaintiff on the basis of his arrest and conviction history.

143.    Defendants discriminated against Plaintiff on the basis of his socioeconomic status.

144.    Defendants engaged in the selective treatment of Plaintiff, in comparison to others similarly situated.

145.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as his arrest and conviction record, his socioeconomic status, an intent to inhibit or punish Plaintiff's exertion of his Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

146.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

147.    Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

148.    Defendants did not possess a rational basis, excuse or justification for applying any laws or

statutes against Plaintiff.

149.     Defendants' actions, therefore, were in violation of Article I, Section 11 of the New York

State Constitution.

150.     Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

151.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
42 U.S.C. §§ 1981 and 1983 Against Individual Defendants

152.     The above paragraphs are here incorporated by reference as though fully set forth herein.

153.     Plaintiff is white male, who is entitled to governmental benefits and assistance based upon

his socioeconomic status.

154.     Defendants discriminated against Plaintiff on the basis of his race, socioeconomic status and

prior arrest and conviction history.

155.     Defendants also selectively treated Plaintiff in comparison to others similarly situated.

156.     Defendants' selective treatment of Plaintiff was based on impermissible considerations, such

as race, socioeconomic status, prior arrest or conviction history, an intent to inhibit or punish

Plaintiff's exertion of his Constitutional rights, or malicious or bad faith intent to injure Plaintiff.

157.     Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

158.     Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes

with adverse effects against Plaintiff.

159.     Defendants did not possess a rational basis, excuse or justification for applying any laws or

statutes against Plaintiff.

160.    Accordingly, defendants violated plaintiff's Fourteenth Amendment rights.

161.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## FIFTEENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under
42 U.S.C. §§ 1981, 1983, 1985 and 1986 Against Individual Defendants

162.    The above paragraphs are here incorporated by reference as though fully set forth herein.

163.    Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of the equal

protection of the laws, or of the privileges and immunities under the laws.

164.    Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

165.    Plaintiff sustained injuries to his person or was deprived of rights or privileges of citizens

of the United States.

166.    Defendants' conspiracy was motivated by some racial, or otherwise class-based,

invidious discriminatory animus.

167.    The Defendants that did not engage or participate in the conspiracy to interfere with

Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be

committed or being committed, possessed the power to prevent or aid, and neglected to do so.

168.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## SIXTEENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

169.    The above paragraphs are here incorporated by reference as though fully set forth herein.

170.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

171.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

172.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTEENTHCAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

173.    The above paragraphs are here incorporated by reference as though fully set forth herein.

174.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

175.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

176.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTEENTH CAUSE OF ACTION
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

177.    The above paragraphs are here incorporated by reference as though fully set forth.

178.    Defendant City owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee defendants.

179.    Defendant City breached those duties of care.

180.     Defendant City placed defendants in a position where they could inflict foreseeable harm.

181.     Defendant City knew or should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

182.     Defendant City failed to take reasonable measures in hiring, training, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

183.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**NINETEENTH CAUSE OF ACTION**
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

184.     The above paragraphs are here incorporated by reference as though fully set forth.

185.     Defendant City maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as plaintiff, to such violative behavior.

186.     Defendant City's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

187.     Defendant City and its policymakers failed to provide adequate training or supervision to their subordinates to such an extent that is tantamount to a deliberate indifference toward the rights of those who may come into contact with defendant City's employees.

188.     Defendant City's employees engaged in such egregious and flagrant violations of plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and

equates to a display of deliberate indifference by defendant City and its policymakers toward the rights of individuals, who may come into contact with defendant City's employees.

189.    Defendant City's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

190.    Defendant City's conduct caused the violation of plaintiff's civil rights, pursuant to Constitution of the United States.

191.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)      Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)      Awarding Plaintiff reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; and any state law claims that provide such similar relief;

**e)**      Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: January 31, 2020

Respectfully submitted,

_/s/ Samuel C. DePaola___
Samuel C. DePaola, Esq.
Bar Number: SD3243
Sim & DePaola, LLP
*Attorneys for Plaintiff*
4240 Bell Blvd - Ste 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
sdepaola@simdepaola.com